FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT PAUL,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>KATHLEEN ALLISON, Warden at<br>CSATF State Prison, Corcoran; et al.,<br><br>        Defendants - Appellees. | No. 13-15322<br><br>D.C. No. 1:11-cv-00769-DLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted August 14, 2013[***]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

    Robert Paul, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    Paul consented to proceed before a magistrate judge.  *See* 28 U.S.C.
§ 636(c).

[***]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violated his Eighth Amendment rights by failing to prevent and adequately treat his shoulder injury. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Paul's Eighth Amendment claim against defendants Onyeje, Mora, and Naverette because Paul failed to allege facts showing that these defendants knew of and disregarded an excessive risk to Paul's health or safety. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health and safety; neither a prisoner's difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference).

The district court properly dismissed Paul's Eighth Amendment failure-to-train claim against defendant Allison because Paul failed to allege facts demonstrating that Allison was personally involved in causing his injury, was aware that any training program was inadequate, or that a pattern of similar incidents existed. *See Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (noting that actual or constructive notice that a training program is inadequate and a pattern of similar constitutional violations are usually necessary to demonstrate deliberate

indifference for purposes of failure to train); *Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) ("A supervisor is liable under § 1983 for a subordinate's constitutional violations if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (citation and internal quotation marks omitted)).

**AFFIRMED.**